UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
NATASHA OCASIO,

    Plaintiff,

-against-

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
-----------------------------------------------------X

NOT FOR PUBLICATION

05-CV-5252

**MEMORANDUM & ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ MAR 24 2010
P.M. _____
TIME A.M. _____

TOWNES, United States District Judge:

## I. INTRODUCTION

Natasha Ocasio, proceeding *pro se*, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for the reversal of a final decision of the Commissioner of Social Security that she was no longer eligible for disability benefits under the Social Security Act ("the Act"). The Commissioner moves for a partial remand and a partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Commissioner's motion is granted in part and denied in part. This case is remanded for further proceedings consistent with this Memorandum & Order.

## II. FACTUAL & PROCEDURAL BACKGROUND

The Plaintiff was born on July 3, 1983 and was a special education student in the New York City public school system from kindergarten until her high school graduation. She has a borderline intellectual functioning capacity, has received speech and language therapy, and has been treated for asthma and foot problems. On July 13, 1992, when the Plaintiff was nine years old, her mother filed an application for Supplemental Security Income. (A.R. at 161-73.)

1

In March 1993, it was determined that the Plaintiff was disabled because her mental condition met the requirements for Listing 112.05.B. (A.R. at 63-64, 351, 355-56.) In 1999, the Plaintiff was notified that her disability payments would cease as of April 12, 1999 based on the improvement of her condition. (A.R. at 56, 75-78, 100.) A hearing was held on November 3, 1999 on the issue of whether the Plaintiff was entitled to a continuation of benefits. On November 17, 1999, a Hearing Officer determined that the Plaintiff remained disabled and that her benefits should be continued. (A.R. at 58, 100-07.) The Hearing Officer relied on the Plaintiff's medical and educational history and her "cognitively deficient" appearance at the hearing. (A.R. at 103-104.) The Hearing Officer concluded that "[b]ased on a complete review of the record, it would not be unreasonable to assume that claimant's true intellectual function is in the 60-70 range required by listing 112.05d."

After the Plaintiff's eighteenth birthday in 2001, her disability claim was redetermined under the adult standard pursuant to 42 U.S.C. § 1382c(a)(3)(H)(iii). The Plaintiff was found not to be disabled under the adult standard as of January 1, 2002. (A.R. at 55, 61, 110-12, 143-45.) The Plaintiff requested a hearing, which was held on August 9, 2005. (A.R. at 25, 146-48.) In a written decision dated August 19, 2005, the ALJ determined that the Plaintiff was not disabled under the adult standard as of April 12, 1999. On November 8, 2005, the Plaintiff filed the present action, and the instant motion by the Commissioner then followed.

## III. DISCUSSION

### A. Standard of Review

This Court may set aside an ALJ's decision only where it is based upon legal error or where its factual findings are not supported by substantial evidence. *See Balsamo v. Chafer*, 142

F.3d 75, 79 (2d Cir.1998). "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir.1999) (internal quotation marks omitted). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir.2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

This Court also reviews the ALJ's decision to determine whether the ALJ applied the correct legal standard. *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir.1999). "'Where an error of law has been made that might have affected the disposition of the case, this Court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ.'" *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984) (quoting *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 n. 3 (11th Cir.1982)). This Court reviews questions of law de novo. *Id.*

### B. Legal Standard for Disability Determinations

In order to establish entitlement to benefits under the Act, a claimant must establish that she has a "disability." *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). The term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A); *see also Balsamo*, 142 F.3d at 79.

In evaluating a claim for disability benefits, the ALJ must follow the five-step procedure

3

set out in the regulations governing the administration of Social Security benefits. See 20 C.F.R. §§ 404.1520, 416.920; *Diaz v. Shalala*, 59 F.3d 307, 312 n. 2 (2d Cir.1995); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982).

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Berry*, 675 F.2d at 467) (alterations and omission in original). The claimant bears the burden of proof in the first four steps of the inquiry, but the Commissioner bears the burden in the fifth step. *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir.2004) (quoting *Balsamo*, 142 F.3d at 80).

*C. Analysis*

In this case, the ALJ concluded that "as of April 12, 1999, the claimant is no longer disabled." (A.R. at 22.) The ALJ first determined that the Plaintiff did not engage in substantial gainful activity "since her cessation date of April 12, 1999." (A.R. at 16.) Turning to the second step of the analysis, the ALJ found that "the claimant has a borderline IQ, asthma, obesity and calluses and bunions on her feet. These are impairments that cause more than minimal restrictions in the ability to perform basic work activity and therefore, they are severe

4

impairments." (A.R. at 16.)

At the third step of the analysis, the ALJ found that the Plaintiff did not have a listed impairment, stating: "No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." (A.R. at 17.) The ALJ then found that the Plaintiff has a residual functional capacity to perform light work. The ALJ determined that the Plaintiff had a "borderline IQ with a score of 70 and a learning delay," but was not mentally retarded because of her "adaptive functioning." (A.R. at 19.) He noted that she was able to work as a substitute teacher's aide, could take public transportation, and could meet the needs of daily living. Finally, the ALJ concluded that the Plaintiff could perform light work, taking into account the Plaintiff's vocational profile and RFC.

The Commissioner concedes that the ALJ erred by evaluating the Plaintiff's disability as of April 12, 1999. The issue before the ALJ was not whether the Plaintiff was disabled as of that date, when the Plaintiff was still a child. As noted above, although the Plaintiff received notice that her disability payments would end as of April 12, 1999, they were continued after it was determined that she remained disabled. Her payments were then subsequently ceased in 2002 after an adult redetermination. It was that adult redetermination that the Plaintiff was challenging before the ALJ, not the earlier 1999 action.

While the Commissioner acknowledges that a remand is warranted due to the ALJ's error in using a wrong date during his evaluation of the Plaintiff's disability, it is argued that the Court should nevertheless partially affirm the ALJ. The Commissioner argues that there is substantial evidence that the Plaintiff was disabled as of January 1, 2002. However, the Commissioner did not make this explicit determination, and the use of an erroneous date by the ALJ clouds the

5

entire analysis. The ALJ must properly reevaluate the propriety of the adult redetermination in accordance with this Memorandum & Order.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion for a remand is granted to the extent that this case is remanded to the Commissioner for further proceedings consistent with this Memorandum and Order. The Commissioner's motion for partial judgment on the pleadings is denied.

**SO ORDERED.**

/Sandra L. Townes
United States District Judge

Dated: Brooklyn, New York
March 23, 2010